SWITZER LUMBER CO. v. CLEMENTS et al. (No. 7919.)

(Court of Civil Appeals of Texas. Ft. Worth. April 4, 1914.)

PARTNERSHIP (§ 173*)—LIABILITY FOR FIRM DEBTS—NOTE SIGNED BY ONE PARTNER.

Where one, who had a claim against a partnership for goods sold to the firm, agreed to accept in full settlement thereof a note signed by only one of the partners, the other partner is not liable on the note, notwithstanding the fact that it was given in settlement of a firm debt.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 304, 305; Dec. Dig. § 173.*]

Appeal from Jones County Court; Joe C. Randel, Judge.

Action by the Switzer Lumber Company against B. E. and M. T. Clements. From a judgment against the defendant M. T. Clements and in favor of the defendant B. E. Clements, plaintiff appeals. Affirmed.

S. J. T. Smith, of Anson, for appellant. C. C. Ferrell, of Anson, for appellee.

DUNKLIN, J. The Switzer Lumber Company instituted this suit against the defendants B. E. and M. T. Clements, to recover of them the amount of a promissory note for the principal sum of $350, dated January 1, 1912, together with interest thereon payable to plaintiff.

It was alleged in the petition that the consideration for the note was lumber and other building materials sold to the defendants, who at the time were partners doing business as contractors under the firm name of B. E. Clements & Son; that the note was executed while defendants were doing business as such partners; that the note was executed by M. T. Clements alone, but that, by reason of the fact that the debt for which the note was given was a partnership obligation of the firm, B. E. Clements also became liable upon said note equally with M. T. Clements, who executed it. Plaintiff's petition also contained a prayer for general relief.

In the answer filed by the defendants, B. E. Clements alleged that the account for which

the note was given accrued more than two years next preceding the filing of the suit; that he neither signed the note nor authorized any one to sign the same for him; and that therefore plaintiff's cause of action as against him was barred by the statute of limitations of two years.

Judgment was rendered in favor of the plaintiff against M. T. Clements, but in favor of B. E. Clements as against the cause of action asserted against him. From the judgment denying a recovery against B. E. Clements, plaintiff has appealed.

The suit was tried by the county judge without the aid of a jury, and the following findings and conclusions were filed:

## "Conclusion of Fact.

"I find: That on various dates, from November, 1910, to March, 1911, B. E. Clements & Son, then a firm composed of B. E. and M. T. Clements, the defendants herein, purchased from Switzer Lumber Company, plaintiff, lumber and other building material, and, according to the terms of purchase, defendants agreed to pay for each item within 30 days from the sale of the same; the dates of the respective sales and the price of each item being shown by plaintiff's verified account herein filed. That during the year 1912 plaintiff, acting by its collector and adjustor, J. W. Davis, had a settlement with M. T. Clements, whereby plaintiff accepted from him the note sued on in this case and two other notes of similar amount, each as payment in full of said indebtedness against B. E. Clements & Son. That, if Davis was not authorized to make the settlement and accept the notes, his action therein was subsequently ratified by plaintiff. That B. E. Clements never signed the notes nor any other writing nor authorized any one to sign any writing obligating him to pay said debt.

## "Conclusion of Law.

"The verified account is barred by the statute of limitations, and, plaintiff having accepted the notes of M. T. Clements in full settlement of the debt, plaintiff is not entitled to recover against B. E. Clements."

The following is the only assignment of error presented:

"The court erred in rendering judgment in favor of defendant B. E. Clements, 'because the undisputed evidence in this case shows that B. E. and M. T. Clements were the individual members of the firm of B. E. Clements & Son; that they were a partnership at the time the lumber was sold for which the note sued upon was given, and that said lumber was bought by and used for said partnership, and that the notes were executed by one member of said firm to settle a firm obligation or account; that M. T. Clements promised and agreed that his copartner B. E. Clements would join him in the execution of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the note sued upon, but that said B. E. Clements refused to do so, nowithstanding his liability for same; and that said partnership existed at the time of the execution of the note so sued upon.'"

Thus it will be seen that the only contention presented by the assignment is that as B. E. Clements was originally liable for the building material sold to the firm, and for which the note was afterwards given, he was, by reason of those facts, also liable upon the note executed by M. T. Clements. Of course if B. E. Clements became liable upon the note, his plea of limitation could not be sustained. But by the assignment the finding of the trial judge that the account for material and for which the note was given is barred by the statute of limitation is not assailed. Nor does appellant by the assignment challenge the correctness of the finding that plaintiff's representative, J. W. Davis, "had a settlement with M. T. Clements whereby plaintiff accepted from him the note sued on in this case and two other notes of similar amount, each as payment in full of said indebtedness against B. E. Clements & Son"; and further "that B. E. Clements never signed the note, nor any other writing, nor authorized any one to sign any writing obligating him to pay said debt." If, as found by the court, plaintiff agreed to accept the note of M. T. Clements alone in full satisfaction of the account against the firm, then B. E. Clements was released from further liability, even though it should be held that, in the absence of such an agreement, the note executed by M. T. Clements would also be the obligation of his partner, B. E. Clements. For this reason the assignment is overruled, and the judgment is affirmed.

Affirmed.